IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRIS CARR and CARR FOR GEORGIA, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> WBJ LEADERSHIP COMMITTEE, INC.; W. BURT JONES in his personal and official capacity as Lt. Governor of the State of Georgia; BURT JONES FOR GEORGIA, INC., <br><br> *Defendants*. | Civil Action No. _____ |

**[PROPOSED]**

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Upon consideration of the Motion for Preliminary Injunction filed by Plaintiffs Chris Carr and Carr for Georgia, Inc. (collectively, Plaintiffs), for good cause shown, the Court hereby **GRANTS** the motion.

This Court **GRANTS** declaratory relief that Mr. Jones' use of his leadership committee in an election where other candidates do not have access to them is unconstitutional as applied to WBJ Leadership Committee, Inc., and any other leadership committee chaired by Mr. Jones.

Thus, it is hereby **ORDERED**:

Any leadership committee chaired by Mr. Jones, including WBJ Leadership Committee, Inc., is **ENJOINED** from accepting contributions or making expenditures until after the conclusion of the 2026 gubernatorial primary.

Mr. Jones and WBJ Leadership Committee, Inc., are **ENJOINED** from making expenditures of leadership committee funds "for the purpose of affecting the outcome of [the] election" between Mr. Jones and Mr. Carr, including by enjoining Mr. Jones and WBJ Leadership Committee from making expenditures of leadership committee funds for advertisements or other communications that depict or reference Mr. Jones or Mr. Carr (O.C.G.A. § 21-5-34.2(f));

Mr. Jones and WBJ Leadership Committee, Inc. are required to **IMMEDIATELY** reverse all transactions paid for by WBJ Leadership Committee, Inc. that support the election of Mr. Jones to the office of Governor from July 8, 2025 to the present and, to the extent transactions by WBJ Leadership Committee, Inc., cannot be reversed or refunded, Mr. Jones is **ORDERED** to transfer from his principal campaign committee, Burt Jones for Georgia, Inc., to WBJ Leadership Committee, Inc., an amount equal to the funds already expended by WBJ Leadership Committee to support the election of Mr. Jones to the office of Governor from July 8, 2025 to the present.

Because of the unique circumstances of this case, Mr. Jones is further **ENJOINED** from repaying personal loans made to WBJ Leadership Committee,

Inc., until after the 2026 gubernatorial primary is complete and Mr. Jones and WBJ Leadership Committee, Inc., are **ENJOINED** from transferring any funds from WBJ Leadership Committee, Inc., to other political or nonprofit organizations, including, but not limited to, 501(c)(4) organizations. Further, because of the intermixing of personal and leadership committee funds, Mr. Jones is **PROHIBITED** from making any loans from his personal assets to Burt Jones for Georgia, Inc., until after the primary election in 2026 is complete.

    This Court further **APPOINTS** Magistrate Judge _____ to oversee all spending by Mr. Jones, Burt Jones for Georgia, Inc., and WBJ Leadership Committee, Inc., and require all Defendants to report to the Court the specific transactions made by WBJ Leadership Committee and Burt Jones for Georgia from July 8, 2025 to the present, including documentation of the source of all loans made by Mr. Jones to WBJ Leadership Committee, Inc.

    This Court **MAINTAINS** jurisdiction to ensure this order is followed and this Order shall remain in effect until the full resolution of Plaintiffs' claims in this action or until further order of this Court.

    This \_\_\_ day of August, 2025.

                                           _____
                                           UNITED STATES DISTRICT JUDGE